IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD

**VICTORIA L. SPROUSE,**

    **Petitioner,**

v.                                            Case No. 1:16-cv-10948

**DONNA M. SMITH, Acting Warden,**
**Federal Prison Camp Alderson,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At the time she filed her petition, the petitioner was incarcerated at the Federal Prison Camp at Alderson, West Virginia ("FPC Alderson"), serving a 30-month term of imprisonment imposed by the United States District Court for the Western District of North Carolina, following her conviction, pursuant to a guilty plea based upon a written plea agreement, to one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. (ECF No. 1 at 1; *see also* Case No. 3:07-cr-00211-002, ECF No. 534

(W.D.N.C.).[1]  The petitioner's section 2241 petition asserts that she should receive 426 days of custody credit for time she spent on home confinement between the date of her initial sentencing on April 15, 2014, and when she was directed to self-report to Federal Bureau of Prisons ("BOP") custody on June 15, 2015.  (ECF No. 1 at 8).  The petition contends that such credit would entitle her to immediate release.  (*Id.*)  The BOP denied the petitioner's Request for Administrative Remedy seeking such custody credit, and the appeals thereof, under Program Statement 5880.28 of its <u>Sentencing Computation Manual</u> (CCCA of 1984), which precludes the application of credit for time spent on home confinement or electronic monitoring as a condition of release on bond.  (*See* ECF No. 1 at 18-28).

---

[1]  The petitioner's criminal case has a convoluted procedural history.  On April 1, 2009, the petitioner was convicted by a jury of various counts of fraud and making false statements to banks arising out of a mortgage fraud scheme, as set forth in a Fourth Superseding Indictment (*see* Case No. 3:07-cr-00211-002, ECF Nos. 117 and 236).  However, on June 10, 2011, the District Court granted the petitioner's Motion for a New Trial and set aside the jury verdict based upon the Supreme Court's ruling in *Skilling v. United States*, 561 U.S. 348 (2010).  (*Id.*, ECF No. 407).  On appeal, the United States Court of Appeals for the Fourth Circuit reversed the District Court's order, reinstated the petitioner's convictions, and remanded the case for sentencing.  (*Id.*, ECF No. 441).  On April 15, 2014, the petitioner was sentenced to an aggregate term of 78 months in prison, to run consecutively to any undischarged term of imprisonment, followed by a three-year term of supervised release.  The petitioner was also ordered to pay an $1800 special assessment and restitution in the amount of $3,592,736.05.  (*Id.*, ECF No. 479).  The petitioner appealed that Judgment, and while the appeal was pending, the parties apparently entered into the written plea agreement governing the petitioner's subsequent guilty plea to one count of conspiracy to defraud the United States, as set forth above.  Thus, on June 16, 2016, the Fourth Circuit granted a motion to remand, and granted a limited remand for the parties to enter into a plea agreement and proceed to sentencing if the plea was accepted.  (*Id.*, ECF No. 523).  The plea was accepted and entered on June 23, 2016.  (ECF No. 524).  On June 27, 2016, an Amended Judgment was entered, which sentenced the petitioner to 30 months of imprisonment, which was ordered to run concurrently with another term of imprisonment imposed in Case No. 3:12-cr-00200, in which the petitioner was separately convicted of embezzlement from a bankruptcy estate.  (*Id.*, ECF No. 526).  The petitioner was also sentenced to serve concurrent three-year terms of supervised release and to pay the same amount of restitution as in the original Judgment.  (*Id.*)  However, on September 16, 2016, the District Court entered another Amended Judgment (*Id.,* ECF No. 534), clarifying that the petitioner is required to serve only an aggregate term of 30 months in prison, and that the 30-month sentence is not to result in the petitioner serving additional time beyond this 30-month sentence.  (*Id.* at 2).  The petitioner has not appealed the September 16, 2016 Judgment.

A review of the BOP inmate locator on its website, www.bop.gov, indicates that the petitioner has been released from FPC Alderson to a residential reentry center in North Carolina and that her discharge date is October 31, 2017. The petitioner has provided the court with an updated address.

## STANDARD OF REVIEW

Section 2241 of Title 18 of the United States Code provides a federal court with the power to grant a writ of habeas corpus to a prisoner housed within their jurisdiction who demonstrates that he or she is in custody in violation of the Constitution, or laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2241 petitions filed in the court where the prisoner is incarcerated are the appropriate vehicle for challenging the execution of the prisoner's sentence, including the computation thereof. *See United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989); *In re Jones*, 226 F,3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a).

## ANALYSIS

As noted above, the petitioner filed the instant petition on November 16, 2016, seeking prior custody credit from April 15, 2014, when she was sentenced, to June 15, 2015, when she was directed to self-report to Federal Bureau of Prisons ("BOP") custody.[2] Prior custody credit is governed by 18 U.S.C. § 3585(b), which specifically provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences – (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the

---

[2] The petitioner did not actually report to FPC Alderson until September 15, 2015, because she sought and received an extension of the reporting deadline due to the fact that she was undergoing fertility treatment at that time. The petitioner acknowledges that she is not seeking prior custody credit for the period between June 15, 2015 and September 15, 2015, because that extension of time was of her own making.

3

sentence is imposed; that has not been credited against any other sentence. 18 U.S.C. § 3585(b).

The petitioner asserts that she was allowed to remain on bond and was placed on home confinement with various restrictions from the time of her arrest in November of 2007 to when she self-reported to FPC Alderson on September 15, 2015. The petition addresses the petitioner's belief that the onerous conditions of her home confinement, which essentially permitted her to leave her home only for medical appointments or meetings with counsel, and permitted her no access to telephones, computers or the internet, were so restrictive as to be considered "official detention" for which she should be granted custody credit.

The petitioner relies upon authority addressing a common law doctrine granting day-to-day credit for time erroneously spent at liberty, where the prisoner's <u>erroneous release from custody</u> was the fault of the government, and not that of the petitioner. *See, e.g., Vega v. United States*, 493 F,3d 310 (3d Cir. 2007); *United States v. Martinez*, 837 F.2d 861 (9th Cir. 1988); *Johnson v. Mathieson*, No. 3:15CV203, 2015 WL 3772776 (E.D. Va. June 16, 2015); *Lee v. Wilson*, No. 1:11cv981, 2012 WL 3069407 (E.D. Va. July 26, 2012); *United States v. Nickens*, 856 F. Supp.72 (D.P.R. 1994) (recognizing common law doctrine for credit for time erroneously spent at liberty); *cf United States v. Grant*, 862 F.3d 417, 419-422 (4th Cir. 2017); *Espinoza v. Sabol*, 558 F.3d 83 (1st Cir. 2009) (assuming without deciding that, in some circumstances, federal common law offers the possibility of credit for time erroneously spent at liberty, but recognizing that such a right has been called into doubt after the Sentencing Reform Act of 1984).

However, as noted in the BOP's response to the petitioner's Request for Administrative Remedy, and the appeals thereof, in *Reno v. Koray*, 515 U.S. 50 (1995), the Supreme Court held that time spent on home confinement or electronic monitoring as a condition of release from custody is not "official detention" under 18 U.S.C. § 3585(b); *see also United States v. Insley*, 927 F.2d 185 (4th Cir. 1991); *United States v. Zackular*, 945 F.2d 423 (1st Cir. 1991); *Rodriguez v Lamer*, 60 F.3d 745 (11th Cir. 1995) (A defendant not entitled to custody credit for time spent in home confinement because it is not "official detention."). The *Reno* Court held that the basic tenants of statutory construction dictate that "credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility' . . . and who were subject to BOP's control" and is not available not for time spent released on bail under 18 U.S.C. § 3142(c), no matter how restrictive the conditions thereof. 515 U.S. at 58-61.

Thus, the petitioner was not in official detention during the period for which she seeks sentencing credit. This court is constrained by the binding precedent in *Reno* and is not persuaded that, under the circumstances of this case, the authority cited by the petitioner creates a valid exception to section 3585(b)'s plain meaning. Therefore, the petitioner has not demonstrated that she is in custody in violation of the Constitution, laws or treaties of the United States and she is not entitled to relief under section 2241.

Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and **DISMISS** this civil action from the docket of the court.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.   *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner at the address she has provided to the court.

September 14, 2017

Dwane L. Tinsley
United States Magistrate Judge