IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**VICTORIA L. SPROUSE,**

    **Petitioner,**

v.                                       **CIVIL ACTION NO. 1:16-10948**

**DONNA M. SMITH, Acting Warden,**
**Federal Prison Camp Alderson,**

    **Respondent.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is petitioner's petition for a writ of habeas corpus. ECF No. 1. By Standing Order, this matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendations regarding disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Tinsley submitted his Proposed Findings and Recommendation ("PF&R") to the court on September 14, 2017, recommending that the district court dismiss petitioner's petition and remove this matter from the court's docket. See ECF No. 9, at p.5.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to the PF&R. The court granted petitioner's request for an extension of time to object, allowing petitioner to respond by October 31, 2017. ECF No. 11.

Petitioner filed her objections on October 31, 2017. ECF No. 12.

## I. BACKGROUND

**A. Facts**

On the date of her petition, the petitioner was incarcerated at FPC Alderson, serving a 30-month term of imprisonment imposed by the United States District Court for the Western District of North Carolina for conspiring to defraud the United States, in violation of 18 U.S.C. § 371. While originally sentenced on April 15, 2014, petitioner's present term of incarceration was finalized in a second Amended Judgment on September 16, 2016. See Case No. 3:07-cr-00211-002, ECF No. 534; see also ECF No. 9 at p.2, n.1 (detailing petitioner's extensive procedural history in this criminal action).

Petitioner's petition requests "credit for time at liberty" due to "a violation of my due process rights." ECF No. 1 at p.6. Specifically, petitioner requests "426 days of credit from the date of [her] sentencing on April 15, 2014, until the date [petitioner] was first notified to self-report on June 15, 2015."[1] Id. at p.8. During this 426-day period, petitioner

---

[1] Sprouse did not actually report to the Bureau of Prisons until September 15, 2015 after obtaining an extension to allow her to continue receiving fertility treatments. Because this extension was given at her request, petitioner does not seek prior custody credit for this time period. See ECF No. 9, at 3 n.1.

remained on home confinement, allegedly receiving few opportunities to leave her home and had no access to instrumentalities of communication. Id. at p.8.

**B. PF&R**

Magistrate Judge Tinsley concluded that petitioner's "at-liberty" claims are overridden by 18 U.S.C. § 3585(b) of the Sentencing Reform Act of 1984, which circumscribes the specific situations wherein a defendant may receive credit toward service of a term of imprisonment. The magistrate judge relied on Reno v. Koray, 515 U.S. 50 (1995), which held that time spent on home confinement or electronic monitoring does not equate to "official detention" under 18 U.S.C. § 3585(b). Therefore, the 426 days spent by petitioner on home confinement do not equate to official detention and she is not eligible for day-for-day credit.

**C. Objections to PF&R**

Petitioner lodges three objections to the PF&R, all flowing from the same vein – that the common law doctrine of "at liberty" overrides the statutory framework for calculating a term of imprisonment pursuant to U.S.C. 3585(b).[2] ECF No. 12.

---

[2] Petitioner also alleges that magistrate judge's PF&R was not "forthwith" as required by 18 U.S.C. § 2243 because the PF&R was filed more than 10 months after petitioner's petition was filed. Id. at p.2. Petitioner also filed a motion to show cause as to defendant's failure to respond on February 2, 2017. See ECF No. 6. As an aside, the court believes petitioner actually

3

First, petitioner alleges that the magistrate judge did not address her "at liberty" claims, but instead relied upon 18 U.S.C. 3585(b). Id. at pp. 1-2. Second, while the magistrate judge stated that the doctrine of "at liberty" is in doubt, petitioner alleges that "dozens of cases from almost every circuit . . . state [that] common law remedies are available despite the Sentencing Reform Act of 1984." Id. at p.2. Third, Sprouse contends that the government's negligent, purposeful, and malicious conduct resulted in petitioner's extended home confinement. Id.

## II. STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation bears no presumptive weight, and it is this court's responsibility to make a final determination. See Mathews v. Weber, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the PF&R to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b).

---

references 28 U.S.C. § 2243. Nevertheless, 28 U.S.C. § 2243 provides no timetable as to when the magistrate judge must enter his recommendations to the district court.

## III. DISCUSSION

While Magistrate Judge Tinsley's PF&R is consistent with the Fourth Circuit's recent decision in United States v. Grant, 862 F.3d 417 (4th Cir. 2017), the court denies the petition as moot because the petitioner was released from custody on October 31, 2017.  See Inmate Locator, Federal Bureau of Prisons, www.bop.gov/inmateloc (last visited July 27, 2018).

Article III, Section 2 of the United States Constitution provides that federal courts may adjudicate only live cases or controversies.  To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.  Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477, (1990).  In the context of a writ of habeas corpus, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."  Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494–95 (1973).  Therefore, the respondent can no longer provide the requested relief because petitioner was released from custody on October 31, 2017.  See Spencer v. Kemna, 523 U.S. 1, 7 (1998); see also Avitia-Bustamante v. Johnson, No. 1:13-CV-21384, 2016 WL 4386090, at *1 (S.D.W. Va. July 26, 2016), report and recommendation adopted, No. CV 1:13-21384, 2016 WL 4385854 (S.D.W. Va. Aug. 15, 2016)

(Tinsley, Mag. J.) ("In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance.") (collecting cases).

While incarcerated, a petitioner's challenge to the validity of the sentence imposed always satisfies the case-or-controversy requirement because the incarceration constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has completed, however, a petition must detail some "collateral consequence" of the conviction if the suit is to be maintained. Spencer, 523 U.S. at 7. Here, petitioner seeks day-for-day credit for the 426 days she spent on home confinement. Because petitioner has now been released from custody, the court is unable to order the respondent to redress her claim. See id.; see also Alston v. Adams, 178 Fed. Appx. 295, 295–96 (4th Cir. 2006) (dismissing appeal of § 2241 petition as moot because petitioner was no longer in federal custody). Accordingly, petitioner's petition has been rendered moot by virtue of her release from custody.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

## IV. CONCLUSION

For the reasons stated above, the court **DISMISSES** petitioner's petition for a writ of habeas corpus as moot, and **DIRECTS** the Clerk to remove this case from the court's docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to petitioner, pro se.

**IT IS SO ORDERED** this 7th day of August, 2018.

ENTER:

David A. Faber
Senior United States District Judge

7